1

2

3                    **UNITED STATES DISTRICT COURT**

4                         **DISTRICT OF NEVADA**

5

6    RANDY LUND,                        |    Case No. 2:11-cv-01726-APG-PAL

7                          Plaintiff,

8          v.                          |    **ORDER DENYING MOTION FOR**
                                             **SUMMARY JUDGMENT**
9                                            (Doc. #25)

10   MARGARET MATHIS,

11                        Defendant.

12

13        Before the Court is Defendant Margaret Mathis' Motion for Summary Judgment (Doc.

14   #25).  For the reasons set forth below, the Court DENIES Defendant's motion.

15        This dispute arises from a series of three loans that Lund made to Defendant's son

16   Benjamin in early August 2007.  Lund contends that he made the loans in reliance on statements

17   Defendant made to her son over a speakerphone in Lund's presence, and a family financial

18   statement that Defendant sent to Benjamin so that Benjamin could prove his financial ability to

19   repay the loan.  Benjamin never repaid the loan and filed for bankruptcy.  Subsequently, Lund

20   filed suit against Defendant in this Court stating claims for fraudulent misrepresentation and

21   conspiracy to defraud.  Defendant filed her motion for summary judgment asserting, among other

22   things, that she was unaware of Lund's presence during the call, and that she made no

23   representations or omissions to Lund to induce the loans.

24   **I.      Legal Standard**

25        The purpose of summary judgment is to avoid unnecessary trials when there is no dispute

26   as to the facts before the court.  *Mw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468,

27   1471 (9th Cir. 1994).  Summary judgment is appropriate only when the pleadings, the discovery

28

1   and disclosures, and any affidavits "show there is no genuine issue as to any material fact and that

2   the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317,

3   330 (1986); Fed. R. Civ. P. 56. An issue is "genuine" if there is a sufficient evidentiary basis on

4   which a reasonable fact-finder could find for the nonmoving party. *Anderson v. Liberty Lobby,*

5   *Inc.*, 477 U.S. 242, 248-49 (1986). A dispute is "material" if it could affect the outcome of the

6   suit under the governing law. *Id.* Where reasonable minds could differ on the material facts at

7   issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

8   Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

9         "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to

10   require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp.*

11   *v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*,

12   391 U.S. 253, 288-89 (1968)). "The judge's inquiry, therefore, unavoidably asks whether

13   reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a

14   verdict—whether there is [evidence] upon which a jury can properly proceed to find a verdict for

15   the party producing it, upon whom the *onus* of proof is imposed." *Anderson v. Liberty Lobby,*

16   *Inc.*, 477 U.S. 242, 252 (1986) (internal quotation marks and citations omitted). In evaluating a

17   summary judgment motion, a court views all facts and draws all inferences in the light most

18   favorable to the nonmoving party. *Kaiser Cemet Corp. v. Fishbach & Moore, Inc.*, 793 F.2d

19   1100, 1103 (9th Cir. 1986).

20         The moving party bears the burden of showing that there are no genuine issues of material

21   fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its

22   burden of production, the moving party must either produce evidence negating an essential

23   element for the nonmoving party's claim or defense or show that the nonmoving party does not

24   have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."

25   *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the

26   moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion

27   to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at

28

1  256. The nonmoving party "may not rely on denials in the pleadings but must produce specific

2  evidence, through affidavits or admissible discovery material, to show that the dispute exists,"

3  *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply

4  show that there is some metaphysical doubt as to the material facts." *Bank of America v. Orr*, 285

5  F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

6  **II.     Analysis**

7  **A. Fraudulent Misrepresentation**

8  Lund has raised several genuine issues of material fact that preclude summary judgment

9  on his claim for fraudulent misrepresentation.  Under Nevada law, a plaintiff claiming fraud must

10  prove by clear and convincing evidence (1) a false representation made by the defendant; (2)

11  defendant's knowledge or belief that its representation was false or that defendant had an

12  insufficient basis of information for making the representation; (3) defendant intended to induce

13  plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff

14  as a result of relying on the misrepresentation. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis,*

15  *Inc.*, 89 P.3d 1009, 1017 (Nev. 2004).  False representations can include the failure to "speak the

16  whole truth and ... by concealments [make] statements untruthful and misleading." *See N.*

17  *Nevada Mobile Home Brokers v. Penrod*, 610 P.2d 724, 727 (Nev. 1980).  Lund has set forth

18  specific facts showing a genuine issue for trial as to (1) when, what, and whether false

19  representations were made by Defendant; (2) whether Defendant knew or believed her

20  representations were false; (3) whether Defendant intended to induce Lund to rely upon the

21  representation in giving her son the loans; and (4) whether Lund actually relied on Defendant's

22  statements and document in giving Defendant's son the loans.

23  For instance, a genuine issue exists as to when Defendant faxed a copy of the family's

24  financial statement to Benjamin and why.  The crux of Defendant's motion is that Lund could not

25  have relied on Defendant's representations because Lund's loans to Benjamin predate

26  Defendant's sending the family financial statement.  Defendant testified in her deposition that she

27  faxed a copy of the financial statement "in or around August 10th of 2007." (Doc. #25-1, *Exhibit*

28

3

1    *B*, 46:24-47:12).  She implies in the motion that she did not fax this document to her son before

2    that date, and argues that Plaintiff offers no evidence that she sent any other fax other than the

3    August 10 fax.  However, Lund testified in his declaration that Defendant spoke to Benjamin on

4    speakerphone in Lund's presence on two separate occasions—once on August 3, 2007, before the

5    first loan, and once again on August 4, 2007, before the second loan.  (Doc. #28-1, *Exhibit 2,*

6    *Lund Decl.*, 2-4).  Lund testifies that Defendant sent the family financial statement the same day

7    as (and in accordance with) this second phone conversation on August 4, 2007.  (*Id.*)  Lund

8    corroborates his testimony with the declarations of others who were present during these phone

9    conversations (specifically, Amit Malik and Brent Lincowski).  (*Id.* at *Exhibit 3* and *Exhibit 4*).

10   Thus, Plaintiff has set forth specific facts showing a genuine issue of material fact as to when

11   Defendant sent the family financial statement.

12          Additionally, a genuine issue for trial exists as to whether Defendant knew Lund was

13   listening in on the speakerphone during her call with her son.  Defendant contends that she neither

14   interacted with nor spoke to Lund before this litigation.  (Doc. #25 at 3:16-17.)  However, in their

15   declarations, Lund, Malik, and Lincowski testify that Benjamin informed Defendant she was on

16   speakerphone in the presence of a potential lender, before asking her about his financial situation.

17   (Doc. #28-1 at *Exhibit 2, Lund Decl.* at 2-3, ¶ 8; *Exhibit 3, Malik Decl.* at page 2, ¶ 7; *Exhibit 4,*

18   *Lincowski Decl.* at 2, ¶¶ 5,6.)  Thus, Lund has set forth specific facts showing a genuine issue of

19   material fact as to whether Defendant spoke to Lund in connection with the loans.  Similarly,

20   issues exist as to whether Defendant intended any of her alleged statements to induce Lund to

21   lend money to Benjamin, and whether Defendant knew or believed that her representations were

22   false or misleading.  Viewing the evidence in favor of the non-moving party, there are substantial

23   questions of material fact as to Defendant's intent and knowledge while speaking with her son

24   and sending him the family financial statement.  A jury could reasonably find that Defendant

25   knew her statements were misleading and intended them to induce Lund into lending her son

26   money.  For these reasons, the Court will deny Defendant's motion for summary judgment as to

27   Lund's fraud claim.

28

4

1

**B.  Conspiracy to Defraud**

Similarly, Lund has raised genuine issues of material fact regarding his claim for conspiracy to defraud.  To state a valid claim for civil conspiracy, a plaintiff must show: (1) defendants, by acting in concert, intended to accomplish an unlawful objective for the purpose of harming the plaintiff; and (2) the plaintiff sustained damages as a result.  *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1210 (Nev. 1993) (citing *Collins v. Union Fed. Savings & Loan*, 662 P.2d 610, 622 (Nev. 1983)).  "A civil conspiracy claim operates to extend, beyond the active wrongdoer, liability in tort to actors who have merely assisted, encouraged or planned the wrongdoer's acts."  *Flowers v. Carville*, 266 F. Supp. 2d 1245, 1249 (D. Nev. 2003) (quoting 16 Am.Jur. 2D Conspiracy § 57 (1998).

Defendant contends that she did not make any false representations to Lund, that Lund did not rely on Defendant's statements in loaning Benjamin money, and that Defendant lacked the required knowledge of the goal of the alleged conspiracy.  For the reasons discussed above, these are genuine issues of material fact, causing the Court to deny Defendant's motion for summary judgment as to Lund's conspiracy to defraud claim.

**III.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Doc. #25) is DENIED.

Dated: December 23, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5