UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDY LUND,<br>    Plaintiff,<br>v.<br>MARGARET M. MATHIS,<br>    Defendant. | Case No. 2:11-cv-01726-APG-PAL<br><br>ORDER<br><br>(Ex Parte Mot. For Exception – Dkt. #36) |

Before the court is Defendant's Ex Parte Motion Requesting Exception to the Attendance of Settlement Conference (Dkt. #36). The motion was filed ex parte, under seal, and not served on opposing counsel. The court directed the clerk of the court to unseal the ex parte application and serve it on opposing counsel. Chambers staff made repeated attempts to arrange an informal telephonic conference call among counsel to address the motion. Counsel for Plaintiff was available; however, counsel for Defendant has not responded to repeated messages over several days. The day after the motion was unsealed and served, counsel for Plaintiff filed a Response (Dkt. #37). The court has considered the motion and response.

This case is set for trial June 16, 2014, and the district judge referred it to the undersigned for a settlement conference. On February 14, 2014, the undersigned entered an Order Scheduling a Settlement Conference (Dkt. #35) for April 23, 2014, at 9:30 a.m. *See* Order (Dkt. #35). Defendant's ex parte motion was not filed until April 7, 2014, and seeks to allow the Defendant to appear telephonically. Counsel for Defendant asks that the court allow Defendant Margaret Mathis to appear telephonically because she is over 65 years of age, and traveling over 1200 miles to Las Vegas would pose a great inconvenience to her because she is the caretaker for her elderly parents, and is serving on a Texas grand jury through the month of June.

1   Plaintiff opposes the motion arguing it is important for the settlement judge to have the benefit of observing both parties, the primary witnesses in this case. Additionally, counsel for Plaintiff indicates that Mrs. Mathis is a wealthy woman who can afford to travel by plane from Texas to Las Vegas. Counsel for Plaintiff also argues that no claim is made that Mrs. Mathis is in poor health. The ex parte motion does not inform the court of when her grand jury service began or will begin and on what days the grand jury usually sits, or whether any of the grand jury proceedings are scheduled for a time that would conflict with her appearance at the settlement conference. Finally, Plaintiff represents Mrs. Mathis is married and contends her husband should be able to provide care for her parents for a single day, or, alternatively, that she can certainly afford to hire a caregiver for the day.

Having reviewed and considered the matter, and especially as counsel for Defendant did not return repeated efforts to set a telephonic hearing, the court finds Defendant has not established good cause for an exception to the court's scheduling order requiring her personal attendance. As Plaintiff correctly points out, the motion does not claim Mrs. Mathis is in poor health, cannot afford to travel, or that she is scheduled to sit on the grand jury on the date of the settlement conference. The motion also does not claim that she cannot make reasonable arrangements for another caregiver for her parents for the day. Defendant has had since February 14, 2014, to make necessary arrangements to travel to Las Vegas for the settlement conference, yet waited to file the motion until two weeks before the conference, ex parte, under seal, and without serving opposing counsel. Finally, in the court's experience, telephonic appearances at settlement conferences are rarely productive. For these reasons,

**IT IS ORDERED** that Defendant's Ex Parte Motion Requesting Exception to the Attendance of Settlement Conference (Dkt. #36) is **DENIED**.

DATED this 18th day of April, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE